# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

MR. & MRS. JOHN AND JANE DOE )
 )
   Plaintiffs )
 )
v. ) No. _____
 ) Judge: _____
PHIL BREDESEN, Governor of the )
 State of Tennessee, )
RANDALL NICHOLS, District Attorney )
 for the 6th Judicial District of the )
 State of Tennessee, and )
MARK GWYN, Director of the )
 Tennessee Bureau of Investigation )
 )
   Defendants )

## COMPLAINT

COME the Plaintiffs, Mr. and Mrs. John and Jane Doe, by and through undersigned counsel, pursuant to the U.S. Const. art. I, § 10, cl. 1, U.S. Const. Amend. 5, U.S. Const. Amend. 14, § 1, 42 U.S.C. §§ 1983 and 1988, Tenn. Const. art. I, §11, and Tenn. Const. art. I, §§ 3,7,8,19 and 27, and bring this cause of action against the State of Tennessee through the above named parties.

## FACTS

1. After January 1, 1995, and before July 1, 2003, Plaintiff John Doe pled guilty in the United States District Court Eastern District of Tennessee at Knoxville to a violation of 18 U.S.C. § 2252(a)(2)(B). At the time Plaintiff John Doe was convicted, his criminal offense was classified under Tennessee law as a "sexual offense."

2. After January 1, 1995, and before July 1, 2003, Plaintiff John Doe purchased a home in Knox County, Tennessee. At the time of purchase, no restrictions existed in Tennessee regarding

where a sexual offender was permitted to live. This home is located within one thousand feet (1,000') of a school.

3. Plaintiffs John and Jane Doe were married in 1998 and began living in their present home. Plaintiff Jane Doe is the mother of a child from a previous marriage. Since Plaintiffs' marriage, said minor child has lived in the home as John Doe's step-child. Additionally, Plaintiffs have two minor children that have been born since their marriage and who currently live with them.

4. In 2003, the State of Tennessee enacted the "Sexual Offender Registration and Monitoring Act," Tenn. Code Ann. § 40-39-101, et seq. This law became effective on July 1, 2003 and for the first time placed living restrictions on offenders. This law prohibited any sexual offender from "knowingly establish[ing] a residence or accept[ing] employment within one thousand feet (1,000') of the property on which any public school, private or parochial school, licensed day care center, or other child care facility is located." Tenn. Code Ann. § 40-39-111(a). This statute further prohibited a sexual offender from establishing a residence where any minor resided unless the offender was the minor's parent. Tenn. Code Ann. § 40-39-111(c). A violation of this statute was a Class A misdemeanor.

5. Under Tenn. Code Ann. § 40-39-102(5), Plaintiff John Doe's criminal offense remained classified as a "sexual offense." Additionally, the law provided an offender the opportunity, after ten years of termination of his or her probation, to file a petition in the circuit court where the offender resided, relieving the offender of filing registration/monitoring forms and expunging from the system all data pertaining to that offender. Tenn. Code Ann. § 40-39-107.

6. On August 1, 2004, the State of Tennessee enacted the "Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification, and Tracking Act of 2004", Tenn. Code Ann.

2

§ 40-39-201, et seq., replacing Tenn. Code Ann. § 40-39-101, et seq. This law became effective August 1, 2004.

7. Under Tenn. Code Ann. §§ 40-39-202(23) and (24), Plaintiff John Doe's criminal offense was redefined as a "violent sexual offense" and he in turn is now considered a "violent sexual offender." Under Tenn. Code Ann. 40-39-207(g)(1)(B), an offender convicted of a violent sexual offense must comply with the requirements of the Tennessee Bureau of Investigation Sexual Offender Registry for the remainder of his or her life.

8. The new law also broadened the living restrictions placed upon sexual offenders the year before. Tenn. Code Ann. § 40-39-111(a) was amended by deleting the words "establish a residence or accept employment" and by substituting instead "reside or work." Tenn. Code Ann. § 40-39-111(c) was amended by deleting the words "establish a residence or any other living accommodation" and by substituting instead "reside." A violation of this statute is a Class E felony. After August 1, 2004, it is now a felony offense for a person convicted of a sexual offense to live or work within one thousand feet (1000') of a school or to live in a home with a child who is not his or her own.

9. It is Plaintiff John Doe's understanding that he was at no time in violation of Tenn. Code Ann. § 40-39-111 as he established his residence prior to enactment of the law on July 1, 2003.

10. Tenn. Code Ann. §§ 40-39-211(a) and (c) apply to Plaintiff John Doe, regardless of when he established his residence or begin living with his step-child, and he will be in violation of the statute's provisions if they are constitutional as applied to him.

11. It is Plaintiff John Doe's understandable desire to continue living with his wife, step-child, and two children as a family in their present home.

3

12. It is Plaintiff Jane Doe's understandable desire to continue living with her husband, John Doe, as well as her three minor children, in their present home. However, under Tenn. Code Ann. § 40-39-211(c), Jane Doe is no longer permitted to live with her husband and have her eldest child live with them simultaneously because John Doe is not the parent of her child.

### JURISDICTION AND VENUE

13. Plaintiffs have alleged a violation of federal constitutional rights under 42 U.S.C. § 1983 and this Court has jurisdiction under 28 U.S.C. § 1331 (2000).

14. Plaintiffs John and Jane Doe are residents of Knox County, Tennessee and venue properly lies within the Eastern District of Tennessee at Knoxville.

### CAUSES OF ACTION

15. Plaintiff John Doe hereby alleges that Tenn. Code Ann. §§ 40-39-211(a) and (c) are unconstitutional as applied to him because these provisions: 1) impose an unconstitutional punishment upon him in violation of the Ex Post Facto Clause of the United States Constitution; 2) unconstitutionally infringe on his fundamental right to family privacy in violation of his substantive due process rights under the United States Constitution; 3) unconstitutionally violate his right to procedural due process under the Fourteenth Amendment of the United States Constitution; and 4) violate his right against self-incrimination under the Fifth Amendment of the United States Constitution.

16. Furthermore, Tenn. Code Ann. §§ 40-39-211(a) and (c) are unconstitutional in their application to the Plaintiff because these provisions violate his protection against ex-post facto laws under Tenn. Const. art. 1, §11, and his fundamental rights to individual privacy encompassed under Tenn. Const. art. I, §§ 3, 7, 8, 19, and 27.

4

17. Plaintiff Jane Doe hereby alleges that Tenn. Code Ann. §§ 40-39-211(a) and (c) are unconstitutional in their application as they infringe upon her fundamental right to family privacy in violation of her substantive due process rights under the United States Constitution and under Tenn. Const. art. I, §§ 3, 7, 8, 19, and 27.

18. Plaintiff John Doe hereby alleges that Tenn. Code Ann. §§ 40-39-202(23) and (24) are unconstitutional as applied to him as these provisions aggravates his criminal offense and punishment after conviction in violation of the Ex Post Facto Clause of the United States Constitution.

19. Plaintiff John Doe hereby alleges that Tenn. Code Ann. § 39-17-1004 is facially unconstitutional as the statute is vague and overbroad and therefore cannot be used for the purposes of classifying Plaintiff John Doe as a "violent sexual offender" under Tenn. Code Ann. § 40-39-202(23).

<u>RELIEF SOUGHT</u>

20. Wherefore, Plaintiffs John and Jane Doe request this Honorable Court to:

A) issue a declaratory judgment declaring Tenn. Code Ann. §§ 40-39-211(a) and (c) unconstitutional as applied to Plaintiffs John and Jane Doe;

B) enter an order temporarily and permanently enjoining Defendants from enforcing Tenn. Code Ann. §§ 40-39-211(a) and (c) against Plaintiff John Doe;

C) issue a declaratory judgment declaring Tenn. Code Ann. §§ 40-39-202(23) and (24) unconstitutional as applied to Plaintiff John Doe;

D) issue a declaratory judgment declaring Tenn. Code Ann. § 39-17-1004 unconstitutional; and

5

E) enter an order ordering Defendants to pay the Plaintiffs' attorney's fees as a part of the costs of this action pursuant to 42 U.S.C. § 1988.

Respectfully submitted this 30th day of November, 2004.

ELDRIDGE & BLAKNEY, P.C.

s/ David M. Eldridge
DAVID M. ELDRIDGE (BPR #012408)
1404 Riverview Tower
900 South Gay Street
Knoxville, TN 37902-1838
865-544-2010

*Counsel for John Doe and Jane Doe*

6

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing pleading was forwarded, by hand delivery, facsimile, and/or placing the same in the United States mail, with proper postage affixed thereon to:

Robert E. Cooper, Jr.
Legal Counsel
Office of the Governor
State Capitol G10
Nashville, TN 37243

Pamela E. Beck
Staff Attorney
Tennessee Bureau of Investigation
901 R S Gass Blvd.
Nashville, TN 37216

Paul G. Summers
Attorney General & Reporter
425 Fifth Ave. N.
P.O. Box 20207
Nashville, TN 37202-0207

Michael A. Meyer
Assistant Attorney General
425 Fifth Ave. N.
P.O. Box 20207
Nashville, TN 37202

Randall E. Nichols
District Attorney General
400 Main
P.O. Box 1468
Knoxville, TN 37901-1468

This 30th day of November, 2004.

s/ David M. Eldridge
DAVID M. ELDRIDGE

7