JOHN DOE, individually and on behalf of )
others similarly situated )
                                                          )

v. )      NO. 3:04-0670
                                                        )      JUDGE CAMPBELL

PHIL BREDESEN, Governor of the State of )
Tennessee, et al. )

## PRELIMINARY INJUNCTION

Pending before the Court is Plaintiffs' Amended Motion For Preliminary Injunction (Docket No. 8). The Court held a hearing on the Motion on August 19, 2004. For the reasons stated below, the Motion is GRANTED on the terms and conditions stated herein.

Plaintiff has filed an Amended Complaint (Docket No. 9) asking the Court to enjoin the Defendants from enforcing Tenn. Code Ann. §§ 40-39-111 and 211. Plaintiff alleges that the statutes are "facially unconstitutional in that they violate the Plaintiff(s) protection from ex-post facto laws, U.S. Const. art. I, § 10, cl. 1, protection against Double Jeopardy, U.S. Const. Amend. 5, their rights to Equal Protection, and Due Process of Law, pursuant to U.S. Const. Amend. 14, § 1., and their right against Self Incrimination, U.S. Const. Amend.5." Amended Complaint, Docket No. 9, ¶ 7. Plaintiff's Motion for Leave to Amend Complaint (Docket No. 29) is granted to expressly include an "as applied" challenge.[1]

Plaintiff alleges the following in the Amended Complaint:

---

[1]     Plaintiff's Motion for Leave to Amend Complaint (Docket No. 29) to add parties and a claim for punitive damages is denied, without prejudice to it being renewed, upon Plaintiff filing a proposed Amended Complaint and a brief in support thereof. Local Rule 8(b)(2); Fed. R. Civ. P. 15(a). The only Plaintiff at this time is John Doe I.

This document was entered on the docket in compliance with Rule 58 and / or Rule 79 (a).

FRCP on 8-20-04 By ___

33

1. In January, 2000, Plaintiff John Doe was convicted of Sexual Battery in the Circuit Criminal Court of Davidson County, Tennessee, and received a sentence of six years probation.

2. In 2000 Plaintiff John Doe purchased a home in Davidson County Tennessee. Said house is within 1,000 feet of a school.

3. In 1996 Plaintiff began contract work for a company in Davidson County with which he is now directly employed. This company is located within 1,000 feet of a school.

4. In 2003 the State of Tennessee enacted T.C.A. 40-39-111. This law became effective on July 1, 2003. This law prohibits any sexual offender from knowingly establishing a residence or accepting employment within 1,000 feet of a school, day care facility, or other child care facility. This statute further prohibits an offender from residing with any minor unless the offender is the minor's parent. A violation of this statute is a criminal offense, punishable as a class A misdemeanor, with up to 11 months and 29 days in jail, and a $2,500.00 fine.

5. On August 1, 2004, T.C.A. 40-39-211 became law. This statute replaced T.C.A. 40-39-111, and is similar in material respects to 40-39-111, but changes the language to "reside or work within 1000 feet," and increases the punishment to a class E felony, with up to 6 years in prison and a $3,000.00 fine.

6. 2004 Tenn. Pub. Ch. 921 which was the enactment codifying 40-29-211 states that should this law be found unconstitutional that Title 40, Chapter 39, Part I (which includes T.C.A. 40-39-111) shall be revived and take full effect.

(Docket No. 9).

Tenn. Code Ann. § 40-29-211, in pertinent part, provides:

§ 40-39-211. Establishment of residence or acceptance of employment; violations

(a) No sexual offender as defined in § 40-39-202(15) or violent sexual offender as defined in § 40-39-202(23) shall knowingly reside ðr work within one thousand feet (1,000') of the property on .

> which any public school, private or parochial school, licensed day care center, or any other child care facility is located.
>
> ....
>
> (d) Changes in the ownership or use of or person or entity that occupies property within one thousand feet (1,000') of an offender's primary or secondary registered address which occur after an offender establishes residency or accepts employment shall not form the basis for finding that an offender is in violation of the residence restrictions of this section.
>
> (e) A violation of this section is a Class E felony.

Id. Plaintiff asserts that Tenn. Code Ann. § 40-39-211 (a) applies to him if it is constitutional.

On August 6, 2004, the Court issued a Temporary Restraining Order (Docket No. 24).

Defendants oppose the Motion for a Preliminary Injunction arguing: (1) plaintiff has not met the requirements for the issuance of a preliminary injunction; (2) the Court has no jurisdiction because there is no live case or controversy; (3) plaintiff has not shown that he is likely to suffer immediate harm; (4) plaintiff has failed to show that he will be irreparably harmed in the absence of injunctive relief; (5) a preliminary injunction would be contrary to the public interest; and (6) plaintiff has not established a likelihood of success on the merits. At the hearing, the Defendants did not argue that Tenn. Code Ann. § 40-39-211(a) was constitutional when retroactively applied. The Defendants refused to take a position for or against the constitutionality of the statutory section at issue. The Defendants fundamentally argue that the Court cannot, or should not, rule on the constitutionality of the statute.

In determining whether to issue a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether irreparable harm will result

3

without an injunction; (3) whether issuance of an injunction will result in substantial harm to others; and (4) whether the public interest is advanced by the injunction. Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997).

Based on the entire record, the Court finds that the Plaintiff has carried his burden for the issuance of a preliminary injunction. Plaintiff has standing and the matter constitutes a ripe case or controversy. Plaintiff has demonstrated a likelihood of success on the merits of his claim that Tenn. Code Ann. § 40-39-211(a), as applied retroactively, violates the Ex Post Facto Clause of the United States Constitution because of its retroactive, punitive effect on "sexual offenders,"[2] who committed their crimes before Tenn. Code Ann. § 40-39-211 took effect on August 1, 2004. Smith v. Doe, 123 S.Ct. 1140, 1146-47 (2003); Doe v. Miller, 298 F. Supp 2d 844 (S.D. Iowa 2004); State v. Seering, 2003 WL 21738894 (Iowa D. Ct., April 30, 2003); see also Tennessee Attorney General Opinion No. 04-053 dated March 25, 2004, and cases cited therein.

The Court is not finding that the statute is facially unconstitutional or unconstitutional when applied prospectively. It is not necessary for the Court to reach those questions at this time since Plaintiff has received the injunctive relief requested. The Court, instead, is simply finding that Plaintiff has carried his burden of showing that Tenn. Code Ann. § 40-39-211(a) is unconstitutional as retroactively applied.

In determining whether a law constitutes retroactive punishment in violation of the Ex Post Facto Clause, the Court must first ascertain whether the General Assembly meant the statute to establish civil proceedings. Smith, 123 S.Ct. at 1146-47. If the intention of the legislature was

---

[2] For purposes of Tenn. Code Ann. § 40-39-211, "sexual offender" is defined in Tenn. Code Ann. § 40-39-202(15).

4

to impose punishment, that ends the inquiry. Id. at 1147. If, however, the intent was to create a regulatory scheme that is civil and non-punitive, then the Court must go further and examine whether the statutory scheme is so punitive either in purpose or effect as to negate the State's intention to deem it civil. Id.

Here, the General Assembly declared in the preamble to the statute that "in making information about certain offenders available to the public" it did "not intend that the information be used to inflict retribution or additional punishment on any sexual offenders."[3] Tenn. Code Ann. §40-39-201(b)(8). This stated purpose does not directly apply to the residential and employment prohibitions at issue in this case. Nevertheless, the Court will look further to see whether, in fact, the statute is so punitive as to negate that stated intention.

The Supreme Court has established the following factors to consider in determining whether a statute is punishment: whether in its necessary operation, the statute has been regarded in our history and traditions as a punishment; whether the statute imposes an affirmative disability or restraint; whether the statute promotes the traditional aims of punishment; whether the statute has a rational connection to a non-punitive purpose; and whether the statute is excessive with respect to that purpose. Smith, 123 S.Ct. at 1149 (citing Kennedy v. Mendoza-Martinez, 83 S.Ct. 554 (1963)).

Reviewing Tenn. Code Ann. § 40-39-211(a) in light of these factors, the Court concludes that the statute goes beyond any intent to craft a civil regulatory scheme and is, in fact, punitive. Accordingly, Tenn. Code Ann. § 40-39-211(a) constitutes a retroactive punishment forbidden by

---

[3] The parties have not filed the legislative history with the Court.

the Ex Post Facto Clause.  See Doe v. Miller, 298 F.Supp.2d 844 (S.D. Iowa 2004) and State v. Seering, 2003 WL 21738894 (Iowa D. Ct. April 30, 2003).

Plaintiff has also demonstrated that irreparable harm will result without injunctive relief because Plaintiff is faced with a strong likelihood of arrest and prosecution if he continues to live and work in the places he currently lives and works.[4]  See Affidavit of John Doe I, attached to Plaintiff(s)' Response (Docket No. 15). The Court finds that the actual threat of arrest, incarceration and prosecution causes irreparable harm. In addition, Plaintiff's alternatives, to move and to quit his job, also cause irreparable harm. Plaintiff has no adequate remedy at law and need not wait until he is arrested and indicted to challenge the constitutionality of Tenn. Code Ann. § 40-39-211(a). The Defendants' abstention arguments are unavailing since there is no current state criminal case pending. Younger v. Harris, 401 U.S. 37 (1971).

The Court also finds that the balance of relative harms among the parties weighs in favor of a preliminary injunction. It is in the public interest to enforce the Ex Post Facto Clause of the United States Constitution.

It is, therefore, ordered that, pursuant to Federal Rule of Civil Procedure 65, the Defendants and their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from enforcing Tenn. Code Ann. § 40-39-211(a) retroactively against "sexual offenders," as defined in Tenn. Code Ann. § 40-39-202(15), pending trial or further order of the Court.

---

[4]     John Doe I stated in his Affidavit filed on August 6, 2004: "Although I have been given a period of time to comply, I have been told by my Probation Officer that I must move from where I live or I will be arrested and prosecuted for violating the 1,000 foot zone requirement." (Docket No. 20).

6

No bond is required at this time since there is not sufficient evidence before the Court to warrant a bond.

This Preliminary Injunction is effective upon its issuance on August 19, 2004.

Also pending before the Court is Defendants' Motion to Dismiss (Docket No. 12). In considering a motion to dismiss for failure to state a claim on which relief can be granted, the Court must accept as true all factual allegations in the Complaint. Broyde v. Gotham Tower, Inc., 13 F.3d 994, 996 (6th Cir. 1994). The motion should be granted only if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. The Defendants move to dismiss the Amended Complaint because: (1) the Governor is not a proper party; (2) this action fails to present a live case or controversy; and (3) Federal policy disfavors interference with state criminal prosecutions. The Court finds that the Governor is a proper party because the "Supreme Executive power" of the State is vested in the Governor, Tenn. Const., Art. III, § 1, and the enforcement of the disputed statute by State employees, including Plaintiff's state probation officer, is at issue. As discussed above, the Court has jurisdiction to determine this case or controversy and Younger abstention does not apply since no state criminal case is pending against the Plaintiff. Accordingly, the Motion to Dismiss (Docket No. 12) is DENIED.

It is so ORDERED.

TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

7