## IN THE CRIMINAL COURT FOR KNOX COUNTY, TENNESSEE

## DIVISION I

STATE OF TENNESSEE )

VS. )   NO.   76909

RICHARD BUTLER

FILED BY MARTHA PHILLIPS CLERK

DEC 0 9 2003

KNOX COUNTY CRIMINAL COURT

## MEMORANDUM OPINION AND ORDER

The defendant in the instant action is charged with violation of Tennessee Protection of Children Exploitation Act of 1990.  He is accused of violating T.C.A. 39-17-103 for knowingly possession material that includes a minor engaged in sexual activity or simulated sexual activity.  The defendant argues that the language of the statute is unconstitutionally vague and overbroad, depriving him of his right to due process in this case.

T.C.A. 39-17-103 provides as follows:

(a)   It is unlawful for any person to knowingly possess material that includes a minor engaged in:

(1)   Sexual Activity; or

(2)   Simulated sexual activity that is patently offensive.

(b)   In a prosecution under this section, the trier of fact may infer that a participant is a minor if the material through its title, text, visual representation or otherwise represents or depicts the participant as a minor.

(c)    A violation of this section is a Class E felony.

The state alleges that the defendant possessed pornographic images of a minor found on his computer hard-drive by an employee of Computers Etc. A forensic evaluation of the seized computer revealed nine (9) images on the computers hard-drive and seventy-four (74) other images on allocated clusters of memory. These images are the basis for the charges against the defendant.

The defendant argues that T.C.A. 39-17-1003 is overbroad because it prohibits materials that were not intended to be covered by the statute. The statute could extend to cover such things as virtual images and images portraying minors where minors are not actually involved. In Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002), the United States Supreme Court held that sections of § 2256 (8) B) and §2256 (8) (D) of the Child Pornography and Prevention Act of 1996 (CPPA) were overbroad and unconstitutional because the applied to works that "appeared to be" a minor or "conveyed the impression" that a minor was involved, regardless if an actual minor was used in creating the image. Therefore, even if no minors were used in producing an image, a defendant could be prosecuted under those sections. Section §2256 (8) (B) included restrictions on virtual child pornography, Renaissance paintings, and "Hollywood movies, filmed without any child actors, if a jury believes an actor "appears to be" a minor engaging in "actual or simulated...sexual intercourse." Ashcroft, 535 U.S. at 241.

The state argues that an element of T.C.A. 39-17-1003 is that the image "include a minor" and that it is an element of the offense. The state tries to distinguish Tennessee's statute from the CPPA by arguing that T.C.A. 39-17-1003

requires proof that the material include a minor, while the CPPA did not require the element of a minor and allowed for the prosecution for possession of materials that "appear to be" or "convey the impression" that the material depicts a minor. This court agrees that T.C.A. 39-17-1003 (a) makes the inclusion of a "minor" an element of the offense, however, T.C.A. 39-17-1003 (b) allows for the trier of fact to infer that a participant is a minor if the material represents or depicts the participant as a minor. This, T.C.A. 39-17-1003 (b) removes the element, and does virtually the exact same thing as the sections of the CPPA were doing that the United States Supreme Court found to be unconstitutional.

T.C.A. 39-17-1003 (b) uses the terms "represents" and "depicts" which are synonymous to CPPA's terms "conveys the impression" and "appears to be", which the United States Supreme Court found to be unconstitutional *See*Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). Defense counsel asserts that under T.C.A. 39-17-1003 (b) that a jury may infer that a participant is a minor if the work "represents" or depicts" the participant as a minor, which allows a jury to convict an individual for possession material where a minor was not used. The defense asserts that the statute's aim is to prohibit illegal conduct, but is written in a way that results in the restriction of the lawful conduct of law-abiding adults.

Recently, in Arizona v. Hazlett, 73 P. 3d 1258 (Ariz. App. 2003), the Arizona Court of Appeals found that *Ariz. Rev. Stat.* §13-3556, which is virtually identical to T.C.A. 39-17-1003 (b), in unconstitutional. Hazlett, 73 P 3d at 1264 n. 10. This section states, "In a prosecution relating to the sexual exploitation of children, the trier of fact may draw inference that a participant is a minor if the visual

depiction or live act through its title, text, or visual representation depicts the participant as a minor." T.C.A. 39-17-1003 (b); <u>Hazlett</u>, 73 P. 3d at 1264. The Arizona Court of Appeals found that Arizona's statutes (virtually identical to T.C.A. 39-17-1003 (b)), like 18 U.S.C. §2256 (8) (D), would allow for the prosecution and conviction of a defendant even though no child was involved in the production of the image.

This court finds that T.C.A. 39-17-103 (a), which makes it unlawful for a person to knowingly possess material that includes a minor engaged in sexual activity or simulated sexual activity that is patently offensive clearly passes constitutional muster. The court agrees with the defense, however, that section (b) of that statute is unconstitutional in the way that it is written because it restricts material even when an actual minor is not used. Though the court finds subsection (b) unconstitutional, the court concludes that sections (a) and (c) of T.C.A. 39-17-103 are constitutional. If section (b) is severed from the rest of the statute, the two remaining subsections can be enforces, thus upholding this statutes aim by prohibiting the illegal conduct that the legislature intended to prohibit.

T.C.A. 1-3-110 allows for all sections of the code to be severable if any section is found to be unconstitutional. T.C.A. 39-17-1003 does not contain its own severability clause, but the Tennessee Supreme Court stated in <u>In re Swanson</u> that a statute did not have to contain its own severability clause to be severed. <u>Tennessee Baptist Children's Homes, Inc. v. Swanson (*In re* Brittany Swanson)</u>, 2 S.W. 3d 180 (Tenn. 1999). "We [Tennessee Supreme Court] recognize that the legislature's endorsement of elision does not automatically make it applicable to

every situation; however, when a conclusion can be reached that the legislature would have enacted the act in question with the unconstitutional portion omitted, then elision of the unconstitutional portion is appropriate." *Id.* at 189; *see also* Planned Parenthood of Middle Tennessee v. Sundquist, 38 S.W. 3d 1, 22 (Tenn. 2000) (explaining that the doctrine of elision allows a court to sever an unconstitutional portion of a statute and find the other sections constitutional when consistent with the legislature's intent).

Clearly, the legislature intended to make it unlawful for a period to posses material where a minor was engaged in sexual activity or simulated sexual activity. The legislature intended for minors to be protected under this statute going as far as allowing the trier of fact to make an inference that a participant is a minor. This, this court believes that the legislature would have enacted T.C.A. 39-17-1003 even without subsection (b). The court's conclusion is supported by the fact that in the original legislation of the Tennessee Protection of Children Against Exploitation Act of 1990, Section 11 of the Bill directs that "[i]f any provision of this act or the application hereof to any person or circumstance is held invalid, such invalidity shall not affect other provisions or application of the act which can be given effect without the invalid provision or application, and to that end the provisions of this act are declared to be severable." *See* 1990 Tenn. Pub. Acts 1092. The severability of this Act, though not codified within the statute, was the intent of the legislature.

Thus, even though T.C.A. 39-17-1003 (b) is found to be unconstitutional and overbroad, it can be severed from the rest of the statute. The defendant's motion to dismiss is denied. The state can proceed with this

prosecution by amending the indictment to reflect a violation of T.C.A. 39-17-1003

(a) & (c) and eliminating §39-17-1003 (b) which is found to be unconstitutional.

It is so ORDERED.

The Clerk shall provide a copy of this order to counsel for the

defendant and a copy to the Knox County District Attorney General.

**ENTER** this 9th day of December, 2003.

JUDGE RICHARD R. BAUMGARTNER
SIXTH JUDICIAL DISTRICT
CRIMINAL COURT, DIVISION I

CERTIFIED TRUE COPY
MARTHA PHILLIPS, CLERK
CRIMINAL COURT
KNOX COUNTY, TN
BY _____
DEPUTY CLERK