# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| MR. & MRS. JOHN AND JANE DOE | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| v. | ) | No. 3:04-CV-566 |
| | ) | JUDGE JORDAN |
| PHIL BREDESEN, Governor of the | ) | |
| State of Tennessee, et. al. | ) | |
| | ) | |
| **Defendants** | ) | |

## PLAINTIFF'S RESPONSE TO MOTION TO DISMISS AND CROSS MOTION FOR JUDGMENT ON THE PLEADINGS

Come the Plaintiffs, Mr. and Mrs. John and Jane Doe, by and through undersigned counsel, and respectfully submit this response in opposition to Defendant's Motion to Dismiss and move this Honorable Court to enter Judgment in favor of the Plaintiff on the Pleadings before the Court pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

## INTRODUCTION

The passage of ex post facto laws are banned under both the federal and state constitutions. U.S. Const., art. I, § 10, cl. 1; Tenn. Const., art. I, § 11. A law violates the ex post facto prohibition if it applies to events occurring before its enactment and disadvantages the offender affected by the law. Weaver v. Graham, 450 U.S. 24, 29, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). See Cutshall v. Sundquist, 193 F.3d 466, 476 (6th Cir. 1999), citing Lynce v. Mathis, 519 U.S. 433, 441, 117 S.Ct. 891, 137 L.Ed.2d 63 (1997). Four types of ex post facto laws have been identified by the United States Supreme Court:

> 1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action. 2d. Every

law that aggravates a crime or makes it greater than it was, when committed.  3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.  4th Every law that alters the legal rules of evidence, and receives less, or different, testimony, than the law required at the time of the commission of the offence, in order to convict the offender.

Doe v. Miller, 298 F.Supp.2d 844, 866 (S.D. Iowa 2004), quoting Calder v. Bull, 3 U.S. (3 Dall.) 386, 390, 1 L.Ed. 648 (1796)(Chase, J.).

As applied to the Plaintiff John Doe, the Tennessee sexual offender registration statutes violate the prohibition against ex post facto laws because it aggravates his past crime by redefining it as a "violent sexual offense."  Prior to the Act of 2004, Mr. Doe's prior conviction qualified him as committing a  "sexual offense."  This redefinition disadvantages him by branding him a "violent sexual offender" and as such requires him to remain on the Tennessee Bureau of Investigation's Sexual Offender Registry for the remainder of his life.  Where Plaintiff John Doe once looked forward to the opportunity to petition the court to be removed from the registry as a "sex offender", he has no such avenue for proving that he is not a "violent sex offender," has been rehabilitated, and/or poses no threat of recidivism.  See Tenn. Code Ann. § 40-39-207(f)(1)(B) (**attached as Exhibit 1**).

Tennessee Code Annotated §§ 40-39-202(24) and (25) and 40-39-207 violate the prohibition against ex post facto laws because the statute imposes an affirmative disability or restraint upon Mr. Doe that equates to the imposition of a criminal punishment.  These laws violate the Ex Post Facto Clause of the United States Constitution and the ex post facto protection of the Tennessee Constitution Ar. 1. § 11 and therefore cannot be Constitutionally applied to Mr. Doe.

2

The Defendants rely exclusively on the case of *Smith v. Doe*, 538 U.S. 84 (2002), in support of their argument that the Tennessee Statutes at issue in this case do not violate the Ex Post Facto clause of the United States Constitution. *Smith* is distinguishable from the present case in two important respects. First, The Tennessee sexual offender registry statutes impose a much higher burden on Mr. Doe than the statute examined in *Smith* by virtue of its requirement that "violent sexual offenders" register in person at the local law enforcement agency four times a year for the rest of their lives. *See* Tenn. Code Ann. § 40-39-204(b) (**attached as Exhibit 2**); Tenn. Code Ann. § 40-39-207(f)(1)(B). Second, the Tennessee Statute reclassified Mr. Doe's past offense as a "violent sexual offense" thus imposing a lifetime registration requirement, whereas, at the time the offense was committed it was classified as a "sexual offense." The statute addressed in *Smith* did not include a provision reclassifying the plaintiff's crime as more severe than it was classified when committed. Therefore, *Smith* is distinguishable from the present case and is not dispositive on the issue of whether the Tennessee Statutes at issue are ex post facto laws as applied to Mr. Doe.

**IN PERSON REPORTING FOUR TIMES PER YEAR IS AN AFFIRMATIVE DISABILITY OR RESTRAINT CONSTITUTING PUNISHMENT**

The Ninth Circuit Court of Appeals in *Smith v. Doe*, found that the Alaska sexual offender registration statute was punitive in nature. In doing so, the Circuit Court heavily on a statement by the government in that case that the Alaska statute required sexual offenders to appear in person at police stations to update their sexual offender registration. *See Doe I v. Otte*, 259 F.3d 979 (9th Cir. 2001) (in person reporting requirement used in analysis under three of the *Mendoza-Martinez* factors used by the Court.)

3

In the Supreme Court's opinion in *Smith*, the Court specifically noted that nothing on the face of the Alaska sexual offender registry statute required that the mandated periodic updates be made in person. *Smith*, 538 U.S. at 101. The Court thus stated that the Court of Appeals in *Doe I v. Otte* had erroneously relied on the fact that the offender had to appear in person to update the registry in finding the Alaska law was punitive in nature when such personal appearance was not required on the face of the law. *Smith*, 538 U.S. at 101.

Unlike the statute at issue in *Smith*, the Tennessee statute requires on its face that an offender classified as a violent sexual offender must appear in person four times per year and pay administrative costs. Tenn. Code Ann. § 40-39-204 (b). This imposes an affirmative disability and restraint on Mr. Doe for the rest of his life and makes the law punitive in nature.

Tenn. Code Ann. § 40-39-204 reads in pertinent part:

> (b) At least once during the months of March, June, September, and December of each calendar year, all violent sexual offenders shall report in person to the designated law enforcement agency to update such offender's fingerprints, palm prints and photograph, as determined necessary by the agency, and to verify the continued accuracy of the information in the TBI registration form. ... Once a year during the March reporting, the violent sexual offender shall pay the specified administrative costs not to exceed one hundred dollars ($100.00) which shall be retained by the designated law enforcement agency to be used for the purchase of equipment, to defray personnel and maintenance costs, and/or any other expenses incurred as a result of the implementation of this part. ... .

This type of burdensome in person reporting requirement is precisely what the Court of Appeals found in *Doe I v. Otte*, 259 F.3d 979, to be so significant in finding that Alaska Statute was punitive in nature and violated the ex post facto clause. See *Doe I v. Otte*, 259 F.3d 979. Further, because the Supreme Court was not addressing a registration statute requiring in person reporting, it is not dispositive of the issue presented here. *Smith*, 538 U.S. at 101. Here, Mr. Doe

4

is now required to report in person four times per year for the rest of his life, and pay fees for this obligation due to the legislature's action. As a result, the legislature has imposed an affirmative disability or restraint upon him which was not the law at the time he was convicted for his offense and accordingly the Tennessee registration regimen as applied to him violates the Ex Post Facto Clause.

Further, the Tennessee Code now places an additional restriction upon sexual offenders that prohibits them from knowingly establishing any residence or living accommodation or knowingly accepting employment within one thousand feet (1,000') of the property line of any public, private, or parochial school, any licensed day care center, or any other child care facility. Tenn. Code Ann. § 40-39-211. This requirement is also an affirmative restriction on Mr. Doe's ability to seek employment and housing opportunities which was not the law when he was convicted and similarly violates the Ex Post Facto Clause.

**RECLASSIFYING THE OFFENSE VIOLATES THE EX POST FACTO CLAUSE**

At the time Mr. Doe was convicted of aggravated sexual exploitation of a minor that crime was classified as a "sexual offense." Tenn. Code Ann. § 40-39-102(5). "Sexually violent offenses" were restricted to those offenses that involved some form of physical sexual violence: aggravated rape, rape, aggravated sexual battery, rape of a child, and criminal attempt of any of the aforementioned offenses. Tenn. Code Ann. § 40-39-102(6). However, with the enactment of the Act of 2004, many criminal offenses were redefined as a "violent sexual offense," including aggravated sexual exploitation of a minor. Tenn. Code Ann. § 40-39-202(25). This redefinition of offenses not only changed the level of crime committed by a person, but also denoted that person a "violent sexual offender." Tenn. Code Ann. § 40-39-202(24). Violent

5

sexual offenders are required to remain on the Tennessee Bureau of Investigation Sexual Offender Registry for the remainder of their lives with no apparent avenues open for removal from the registry. Tenn. Code Ann. § 40-39-207(f)(1)(B). Thus, by reclassifying Mr. Doe's offense from a sexual offense to a violent sexual offense the result is that Mr. Doe must remain on the sexual offender registry until he dies. Essentially, Mr. Doe has been placed on lifetime probation after the fact and must comply with all the related reporting requirements and regulations or face criminal penalties. This extension and enhancement of his in person reporting requirements violates the Ex Post Facto Clause for all the reasons articuated above.

**CONCLUSION**

For the foregoing reasons, Tennessee's Sexual Offender Registration scheme as now applied to Mr. Doe retroactively violates the Ex Post Facto clause of the United States Constitution and the Tennessee Constitution. Accordingly, the Defendant's motion to dismiss should be denied and Judgment should be entered in favor of the Plaintiffs finding Tennessee's Sexual Offender Registration scheme unconstitutional in violation of the Ex Post Facto Clause as applied to Plaintiff John Doe and finding that the restraints now imposed upon Plaintiff John Doe with regard to where he can live violate Plaintiff Jane Doe's constitutional rights as set forth in the Complaint .

Respectfully submitted this 30th day of August, 2005.

ELDRIDGE & BLAKNEY, P.C.

s/ David M. Eldridge
DAVID M. ELDRIDGE (BPR #012408)
1404 Riverview Tower
900 South Gay Street
Knoxville, TN 37902-1838
865-544-2010
*Counsel for John Doe and Jane Doe*

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2005, a copy of the foregoing Plaintiff's Response to Motion to Dismiss and Cross Motion for Judgment on the Pleadings was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

This 30th day of August, 2005.

s/ David M. Eldridge
DAVID M. ELDRIDGE
